RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  11 , 9 , 05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

JOHN VALDES                          CIVIL ACTION NO. 05-0908
MELISSA VALDES

VS.                                  JUDGE MELANÇON

HOME STATE COUNTY MUTUAL INS. CO.    MAGISTRATE JUDGE METHVIN
DARREN JANCZAK

## ORDER REQUIRING SUBMISSION ON JURISDICTIONAL AMOUNT

This automobile accident case was removed from a local state court based on the
allegation of defendants Home State County Mutual Insurance Company and Darren Janczak
that the matter in controversy exceeds $75,000 and that this court therefore has diversity
jurisdiction under 28 U.S.C. §1332. Defendants' allegation as to the amount in controversy is
unsupported by specific facts.

A removing defendant must prove by a preponderance of the evidence that the amount
in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the
claims are likely above $75,000 or (2) setting forth the specific facts in controversy that
support a finding of the jurisdictional amount. Simon v. Wal Mart Stores, 193 F.3d 848 (5th
Cir. 1999); Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).

In accordance with state law,[1] plaintiffs have not specified the numerical value of their
damage claims, and the jurisdictional amount is not otherwise "facially apparent" from the
complaint. Simon, 193 F.3d at 850. Plaintiffs allege the following facts: On April 11, 2005,
the plaintiff John Valdes' vehicle was struck by Darren Janczak's vehicle, causing Valdes to

---

[1] La.Code Civ.P. art. 893.

suffer "severe and permanently disabling injuries to his mind and body."[2]  Plaintiffs also allege

an unspecified amount of medical expenses, loss of earnings, property damages, and they

request attorney's fees.  These general allegations are an insufficient basis upon which to

determine the existence of diversity jurisdiction.

In removal cases in which the jurisdictional amount is not "facially apparent," the court

may require the removing party to submit "summary-judgment-type evidence, relevant to the

amount in controversy at the time of removal." Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336

(5th Cir. 1995) (emphasis added).  Relevant jurisdictional facts which should be included in the

response to this Order include the following: (1) a description of the nature and severity of

plaintiff's injuries; (2) plaintiff's diagnosis, including whether surgery was recommended at the

time of removal; (3) whether the plaintiff underwent surgery by the time of removal, and the

nature thereof; (4) duration of medical treatment; (5) dollar amount of medicals incurred at the

time of removal; (6) time of removal estimate of the dollar amount of medicals which plaintiff

will probably incur in the future based upon the medical diagnosis; (7) lost wages incurred at

time of removal; (8) lost wages which plaintiff will probably incur in the future based upon the

medical diagnosis; and (9) citations to caselaw involving similar facts which reflect verdicts in

the amount of $75,000.00 or more.  These facts should be presented in summary-judgment-type

evidence.

**IT IS THEREFORE ORDERED** that on or before **November 30, 2005,** defendants

shall file a memorandum setting forth specific facts in controversy which support a finding that

---

[2] Rec. Doc. 1.

the jurisdictional amount exists. Supporting documentation and/or affidavits are advisable. A

copy of the memorandum shall be provided to the undersigned and opposing counsel.

Plaintiffs will be allowed ten days to reply to defendants' arguments.

Signed at Lafayette, Louisiana on November 9th, 2005.

_____

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140          FAX 593-5155

COPY SENT
DATE  11/9/05
BY  PO
TO  MEN
cb